# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES B. INGRAM,**
**Claimant Below, Petitioner**

**FILED**

March 22, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 15-0283** (BOR Appeal No. 2049644)
(Claim No. 2010122622)

**WHEELING STATION, LTD.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles B. Ingram, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Station, Ltd., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed a July 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 3, 2013, decision granting Mr. Ingram an additional 13% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ingram was working for Wheeling Station, Ltd., when he injured his low back while moving shingles at work. The claim was held compensable. On January 21, 2011, he was awarded a 10% permanent partial disability award in this claim. Mr. Ingram is currently seeking an additional permanent partial disability award. Chuanfang Jin, M.D., performed an independent medical examination and opined that Mr. Ingram has 23% whole person impairment for the compensable injury. In an independent medical examination, Bruce Guberman, M.D.,

1

found that Mr. Ingram has 26% whole person impairment. Victoria M. Langa, M.D., also performed an independent medical examination and found that Mr. Ingram has a total of 20% whole person impairment. On July 3, 2013, the claims administrator granted Mr. Ingram's request for an additional 13% permanent partial disability award based on the report of Dr. Jin and based upon a finding that Mr. Ingram has previously received a 10% permanent partial disability award in this claim.

The Office of Judges affirmed the claims administrator's decision and found that Mr. Ingram has 23% whole person impairment for his lumbar injury herein, less the 10% he previously received. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Ingram disagrees and asserts that the Office of Judges offered no legal or factual basis for not awarding a permanent partial disability award per Dr. Guberman's rating and that he had surgery for radiculopathy that was present then and during Dr. Guberman's examination. Wheeling Station, Ltd., maintains that Dr. Guberman was the only evaluator of the three to find that Mr. Ingram has residual radiculopathy and to place him in Lumbar Spine Category V of West Virginia Code of State Rules Table § 85-20-C (2006) and that the Office of Judges correctly found Dr. Guberman's report to be inconsistent with the other evaluations.

The Office of Judges pointed out that Dr. Guberman was the only independent medical evaluator who found that Mr. Ingram was suffering from residual radiculopathy. The Office of Judges noted that neither Dr. Jin, who saw Mr. Ingram before Dr. Guberman, nor Dr. Langa, who evaluated Mr. Ingram shortly after Dr. Guberman, found any physical evidence to support a finding of radiculopathy. Dr. Guberman was the only physician who placed Mr. Ingram in Lumbar Spine Category V of West Virginia Code of State Rules Table §85-20-C. The Office of Judges found that Dr. Guberman's report is inconsistent with the other evaluations. The Office of Judges concluded that more likely than not Mr. Ingram did not have residual radiculopathy based on the evidence and that he was properly placed in Category IV of West Virginia Code of State Rules Table § 85-20-C by Dr. Jin. It found Dr. Jin's report to be the most persuasive and further found that Mr. Ingram has 23% whole person impairment before deducting his previous permanent partial disability award of 10% based on the findings of Dr. Jin. The Board of Review agreed with the Office of Judges.

This Court agrees with the findings and conclusions of the Board of Review. Dr. Guberman was the only physician to determine that Mr. Ingram had residual radiculopathy. Neither Dr. Jin nor Dr. Langa found any evidence of residual radiculopathy. Therefore, the Office of Judges and the Board of Review correctly determined that Dr. Guberman's report is not the most reliable and that Mr. Ingram most likely does not have residual radiculopathy. The Office of Judges and Board of Review also correctly relied on Dr. Jin's report and found that Mr. Ingram has 23% whole person impairment and should be awarded an additional 13% after deducting his previous permanent partial disability award of 10%.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II